**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GUADALUPE CORCHADO-MOYA,

    Petitioner,

v.

ALBERTO R. GONZALES, [*]

    Respondent.

No. 04-9526
(No. A76-800-906)
(Petition for Review)

---

**ORDER AND JUDGMENT** [**]

---

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Guadalupe Corchado-Moya is a native and citizen of Mexico facing removal from this country. He petitions for review of the decision of the Board of Immigration Appeals (Board) that denied, as a matter of discretion, his applications for both a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), and adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i). We conclude that we lack jurisdiction to review these discretionary decisions, and we therefore dismiss the petition for review.

Petitioner entered the United States without inspection in 1992 or 1993. He was convicted of criminal trespass in 1993, see Admin. R. at 74-75, and was convicted of false reporting in 1994, id. at 76-77. In 1995, he fathered a daughter, who is a United States citizen. In 1996, he married his daughter's mother. His wife became a United States citizen. In 1998, petitioner was arrested for possession with intent to sell cocaine, id. at 139-41. On the advice of his former counsel, he pleaded guilty to that state drug charge. He was ordered to pay a $3000 fine and sentenced to two years of imprisonment, which was deferred. His wife obtained an immigrant visa for petitioner in 1998. In 1999, he applied for adjustment of status to legal permanent resident based on his marriage to a United States citizen, which was denied by the former Immigration and

Naturalization Service (INS) [1] in September 2001. The INS then placed petitioner in removal proceedings by filing a notice to appear (NTA) with the Immigration Court on October 29, 2001, charging petitioner with being removable for having entered the United States without inspection and for having been convicted of possession with intent to sell cocaine. After the NTA was served, petitioner, with new counsel, moved in the state court to withdraw his guilty plea based on the ineffective assistance of his former counsel. The state court granted the motion, dismissed the cocaine conviction, and accepted petitioner's guilty plea to possession of less than one ounce of marijuana. Id. He was fined $80 on the marijuana conviction. Id.

In his removal proceedings, petitioner conceded that he was removable based on entry without inspection, but denied that he had been convicted of possession with intent to sell cocaine. Petitioner requested both a § 212(h) waiver to excuse the conviction for possession of marijuana and adjustment of status. The immigration judge (IJ) found that petitioner's trafficking conviction was dismissed, and that he was not subject to removal on that ground. Admin. R. at 57-58. He further found that petitioner was eligible for a § 212(h) waiver because his citizen wife and daughter would suffer extreme hardship if he were

---

[1] On March 1, 2003, the former INS was abolished and its functions divided among new agencies within the newly-formed Department of Homeland Security. We continue to refer to the agency as "INS" in this decision.

removed. <u>See</u> 8 U.S.C. § 1182(h)(1)(B). The IJ denied the waiver and adjustment of status in the exercise of his discretion, however. The IJ stated that he was not concerned about petitioner's marijuana conviction, if it had been petitioner's only conviction. Admin. R. at 62. The IJ found based on an affidavit for the arrest warrant associated with the dismissed trafficking conviction, that petitioner was involved in the trafficking of drugs, and he had two other convictions as well. <u>Id.</u> at 61-62.

The Board affirmed, adding that the agency's regulations authorized the IJ to consider the affidavit for arrest warrant because it was material and relevant to the IJ's exercise of discretion in his consideration of whether petitioner merited a § 212(h) waiver of inadmissibility and adjustment of status. <u>Id.</u> at 2 (citing 8 C.F.R. § 1240.7(a)). Further, the Board held that the IJ's reliance on the affidavit for arrest warrant was not fundamentally unfair because the confidential informant who made it was monitored by a detective wearing a wire, and petitioner "ha[d] not cast doubt on the probative value or fairness of the evidence presented by presenting contrary evidence." <u>Id.</u>

Petitioner argues on appeal that: (1) the Board violated his constitutional right to the presumption of innocence by finding him guilty of a crime which a state prosecutor chose not to prosecute; (2) the Board violated his constitutional right to the presumption of innocence and a trial requiring proof beyond a

-4-

reasonable doubt by affirming the IJ's use of the arrest warrant to adjudicate guilt; (3) the Board erred as a matter of law by permitting an IJ to adjudicate guilt and innocence; (4) the Board erred as a matter of law by affirming a decision based on a legally insufficient credibility finding; and (5) it was a manifest abuse of discretion for the IJ to adjudicate guilt based on a hearsay document and to rely on that determination to deny a waiver of inadmissibility. The government argues that we lack jurisdiction to consider petitioner's case, both because the decisions concerning a waiver of inadmissibility and adjustment of status are discretionary, see 8 U.S.C. §§ 1182(h), 1252(a)(2)(B)(i), and because petitioner was found inadmissible based on a conviction for a violation of law relating to a controlled substance, see 8 U.S.C. § 1252(a)(2)(C).

We have jurisdiction to determine our jurisdiction. Latu v. Ashcroft, 375 F.3d 1012, 1017 (10th Cir. 2004). We conclude that we lack jurisdiction over petitioner's appeal. Because petitioner was noticed to appear after April 1, 1997, this case is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Under IIRIRA's permanent rules, we lack jurisdiction to review the agency's discretionary denial of either a waiver of inadmissibility under § 212(h), 8 U.S.C. § 1182(h), or of adjustment of status, id. § 1255(i). 8 U.S.C. § 1252(a)(2)(B)(i). We have decided in a similar context,

-5-

however, that we may retain jurisdiction to review an otherwise unreviewable discretionary decision if the alien has raised a " substantial constitutional issue." Morales Ventura v. Ashcroft , 348 F.3d 1259, 1262 (10th Cir. 2003) (finding no jurisdiction to review the agency's discretionary determinations concerning cancellation of removal under 8 U.S.C. § 1252(a)(2)(B)(i), in the absence of a "substantial constitutional issue"). Thus, we must decide whether petitioner has presented a substantial constitutional issue.

We hold that petitioner has not presented a substantial constitutional issue, as his arguments are based on mistaken premises. Removal proceedings are civil in nature, INS v. Lopez-Mendoza , 468 U.S. 1032, 1038 (1984), and the extensive constitutional safeguards attending criminal proceedings do not apply, United States v. Aguirre-Tello , 353 F.3d 1199, 1204 (10th Cir. 2004) (en banc). Rather, "the procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States." Aguilera v. Kirkpatrick , 241 F.3d 1286, 1292 (10th Cir. 2001); see also Bassett v. INS , 581 F.2d 1385, 1386-87 (10th Cir. 1978) (citing, inter alia , Harisiades v. Shaughnessy , 342 U.S. 580, 586-89 (1952)). An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Aguirre-Tello , 353 F.3d at 1204. Therefore, when facing deportation, aliens are entitled only to procedural due process, which provides "the opportunity to be

heard at 'a meaningful time and in a meaningful manner.'" de la Llana-Castellon v. INS, 16 F.3d 1093, 1096 (10th Cir. 1994) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (further quotation omitted).

Moreover, the government's burden in removal proceedings is to prove by clear and convincing evidence that the alien is subject to removal. 8 U.S.C. § 1229a(c)(3)(A). Because petitioner conceded removability in this case, the burden shifted to petitioner to show that he was both eligible for relief from removal and that the Attorney General should exercise his discretion to grant that relief. 8 C.F.R. §§ 1240.8(d), 1240.11(e). Since removal is not considered to be punishment, Lopez-Mendoza, 468 U.S. at 1038, being ordered removed is not analogous to being sentenced for a criminal offense.

Petitioner has not argued that he did not have an opportunity to present his case. Therefore, petitioner's arguments that his constitutional rights have been violated are without merit, and we conclude that we lack jurisdiction over the petition for review under 8 U.S.C. § 1252(a)(2)(B)(i).

We reject the government's argument that we also lack jurisdiction because petitioner was found inadmissible based on a conviction for a violation of law relating to a controlled substance, see 8 U.S.C. § 1252(a)(2)(C). As the IJ noted, petitioner's conviction for cocaine trafficking was dismissed. Admin. R. at 103.

His conviction for possession of marijuana falls within the statutory exception to the jurisdictional bar.    See 8 U.S.C. § 1227(a)(2)(B)(i).

The petition for review is DISMISSED.


Entered for the Court


Monroe G. McKay
Circuit Judge