F I L E D
United States Court of Appeals
Tenth Circuit

NOV 13 2003

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSE RAUL MORALES VENTURA;
MARIA VERONICA SOLORIA
SOLORIA,

      Petitioners,

v.

JOHN ASHCROFT, United States
Attorney General,

      Respondent.

No. 02-9533

---

ON PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(Nos. A76 361 009 and A76 361 010)

---

Submitted on the briefs:   *

German T. Flores and Montivel A. Burke, II of Flores, MBA & Associates, P.C.,
Orem, Utah, for Petitioners.

John C. Cunningham, Senior Litigation Counsel, and Cindy S. Ferrier, Attorney,
Office of Immigration Litigation, United States Department of Justice,
Washington, D.C, for Respondent.

---

*    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

_____

**HARTZ** , Circuit Judge.

_____

Petitioners Jose Raul Morales Ventura and Maria Veronica Soloria Soloria, husband and wife, are natives and citizens of Mexico who face removal from this country. They seek review of the decision of the Immigration Judge (IJ) that they are not eligible for cancellation of removal. The Board of Immigration Appeals (BIA) dismissed their appeal. Respondent has filed a motion to dismiss this appeal on the ground that 8 U.S.C. § 1252(a)(2)(B) deprives us of jurisdiction. We agree and grant the motion.

Petitioners are subject to removal because they unlawfully entered the United States. They filed applications for asylum in 1997. On August 29, 1997, the Immigration and Naturalization Service (INS) filed and served Notices to Appear that charged Petitioners with being subject to removal. The Notices alleged that Petitioners had entered the United States in October 1989 without being admitted or paroled.

Petitioners sought relief under 8 U.S.C. § 1229b(b)(1) , which permits the Attorney General to cancel removal of an inadmissible or deportable alien who

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of [a specified] offense . . . ; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The IJ determined that Mr. Morales Ventura met the requirements set forth under subparagraphs (A), (B), and (C), and that Ms. Soloria Soloria met the requirements of subparagraphs (B) and (C). He further determined, however, that Ms. Soloria Soloria had not proved her physical presence in the United States for 10 continuous years, as required by subparagraph (A), and that neither of the Petitioners had satisfied subparagraph (D).

With respect to subparagraph (D), Petitioners claimed that their removal would result in "exceptional and extremely unusual hardship" to Mr. Morales Ventura's parents and Petitioners' children. Mr. Morales Ventura's parents are permanent legal residents who live with Petitioners and rely on their son for support. His mother has a knee problem that, according to Mr. Morales Ventura, has prevented her from working. On the other hand, his parents are not elderly and his father works seasonally as a picker. Also, Mr. Morales Ventura has a sister and three brothers in the United States, including one brother who is a

United States citizen, works full-time, and owns his own home. The IJ concluded that Mr. Morales Ventura's parents could live with that brother "even though it would be inconvenient and may cause some hardship."

As for Petitioners' children, all four were born in this country (between July 1992 and September 1999) and thus are United States citizens. *See* 8 U.S.C. § 1401(a). Petitioners have pointed to the consequences to their children if Petitioners must return to Mexico. In particular, the youngest child has an ear defect for which he will need surgery when he is five years old. The IJ stated, however, that Petitioners had failed to show (1) that the condition is serious, (2) that the child would suffer any particular consequences if he is not treated, (3) that the procedure is a complicated one, (4) that it must be performed in the United States, or (5) that it is expensive. The IJ concluded that if Petitioners are removed from this country, they and their children "undoubtedly will suffer a great deal of hardship in Mexico because of the terrible economic situation and the job situation. Their life will be considerably different from the United States and it is unfortunate that Congress has imposed such a strict requirement." But he ruled that Petitioners had failed to prove that they met the "exceptional and extremely unusual hardship" requirement of subparagraph (D).

Petitioners appealed to the BIA, which held that the IJ had correctly concluded that they had not established exceptional or extremely unusual

hardship. The BIA determined that it did not need to address Ms. Soloria Soloria's claim that she had met the residency requirement, because she would not be eligible for cancellation of removal regardless.

On appeal Petitioners argue that the BIA violated the Constitution in finding that the hardship faced by their children and Mr. Morales Ventura's parents was not "exceptional and extremely unusual," compared to that faced by relatives of other removable persons. They contend that the IJ should have considered the United States citizenship of their children and the status of Mr. Morales Ventura's parents as permanent residents, rather than focusing only on Petitioners' national origin, and that their children and his parents were denied due process and equal protection by being classified on the basis of Petitioners' national origin. They assert that the BIA should have considered the children's right to pursue the "American Dream" and the extent to which the children have been exposed to, and are accustomed to the benefits of, living in the United States, including educational opportunities. Petitioners point to a psychologist's statement that it would be extremely difficult for the children to adjust to conditions in Mexico. They also note that Mr. Morales Ventura will be able to earn only a fraction of what he makes here and that consequently Ms. Soloria Soloria will have to work too, thereby detracting from her ability to provide a nourishing environment for her children. In addition, they contend that

their youngest child's ear defect is a significant factor in the hardship calculus. Finally, Ms. Soloria Soloria argues that the BIA erred in not finding that she had met her burden of showing that she had resided in the United States continuously for 10 years.

The threshold issue, as Respondent points out in his motion to dismiss, is whether we have jurisdiction to review the BIA's denial of cancellation. "The IIRIRA altered the availability, scope, and nature of judicial review in INS cases." Rivera-Jimenez v. INS, 214 F.3d 1213, 1215 n.1 (10th Cir. 2000). Because the Notices to Appear were issued and served after April 1, 1997, IIRIRA's permanent rules govern this case. See Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). The rule applicable here is 8 U.S.C. § 1252(a)(2)(B), which states:

> (2) Matters not subject to judicial review
>
> . . . .
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

Because we are being asked to review a decision regarding § 1229b, we look to § 1252(a)(2)(B)(i). On its face, this provision seems to foreclose judicial review completely. Nevertheless, we hesitate to declare here that there are no circumstances in which we could review a § 1229b judgment, because "background principles of statutory construction and constitutional concerns" may limit the scope of this provision and permit some judicial review. Calcano-Martinez v. INS, 533 U.S. 348, 350 n.2 (2001) (noting possibility of some retained judicial jurisdiction despite broad language of § 1252(a)(2)(C) restricting jurisdiction). In any event, in this case we see no basis for jurisdiction.

Petitioners raise two arguments in support of our jurisdiction to hear their appeal. First, although acknowledging that we lack jurisdiction to review discretionary decisions denying relief under § 1229b, they contend that determining whether removal would cause "exceptional and extremely unusual hardship" is not a discretionary matter, at least in this case. Second, they contend that we have jurisdiction to hear constitutional issues, and that they have raised such issues here. We reject both arguments.

With respect to Petitioners' first argument, we hold that the hardship issue is a matter of discretion. There is no algorithm for determining when a hardship is "exceptional and extremely unusual." The decision regarding when hardship has reached that level is a judgment call. In other words, the decision requires the

exercise of discretion. We held in Escalera v. INS, 222 F.3d 753, 755-56 (10th Cir. 2000), that a determination, under the predecessor to present § 1229b, whether an alien would face "extreme hardship" if deported was a discretionary decision. We cannot see any material basis on which to hold differently with respect to whether the decision regarding "exceptional and extremely unusual hardship" is discretionary. See Romero-Torres v. Ashcroft, 327 F.3d 887, 890-91 (9th Cir. 2003) (such decisions are discretionary); Gonzalez-Oropeza v. United States Attorney Gen., 321 F.3d 1331, 1332-33 (11th Cir. 2003) (per curiam) (same).

As for Petitioners' argument that we have jurisdiction to review their claim of constitutional error in the decisions of the BIA and IJ, we leave open whether constitutional concerns might require us to construe § 1252(a)(2(B)(i) to permit review in some circumstances, cf. Calcano-Martinez, 533 U.S. at 350 n.2. For such a claim even to be tenable, the particular case would have to present a substantial constitutional issue. See Gonzalez-Oropeza, 321 F.3d at 1333. Petitioners have presented no such substantial issue. Their constitutional claim is predicated on the status of their children as United States citizens. But "[t]his Court has repeatedly held that the incidental impact visited upon the [citizen] children of deportable, illegal aliens does not raise constitutional problems." Delgado v. INS, 637 F.2d 762, 764 (10th Cir. 19 80).

There being no applicable exception to the mandate of § 1252(a)(2)(B)(i) in this case, we lack jurisdiction to hear Petitioners' challenge to the BIA and IJ judgments under § 1229b(b)(1)(D). This moots Ms. Soloria Soloria's challenge to the decision under § 1229b(b)(1)(A) that she had not been continuously present in this country for 10 years. Even if that decision was erroneous (and assuming that we would have jurisdiction to review the matter), her failure to satisfy § 1229b(b)(1)(D) would still preclude cancellation of her removal. As this challenge is moot, we have no jurisdiction to resolve it. See Smith v. Plati, 258 F.3d 1167, 1179 (10th Cir. 2001) (issue becomes moot when court cannot grant effectual relief on issue); United States v. Seminole Nation of Okla., 321 F.3d 939, 943 (10th Cir. 2002) (once action is moot, court loses jurisdiction).

We GRANT Respondent's motion and DISMISS Petitioners' petition for lack of jurisdiction.