**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAUDIA FLORES-
BUENROSTRO,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9556

(Board of Immigration Appeals)

(Agency No. A78 121 641)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[*]

Claudia Flores-Buenrostro, a native of Mexico, lived and worked in the

United States without documentation from 1991 through 2001. During six years

of that time, Ms. Flores-Buenrostro used a false social security card to obtain

work. On June 26, 2001, the Department of Homeland Security charged her with

removability as an alien in the United States without having been admitted or

paroled pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(INA), 8 U.S.C. § 1182(a)(6)(A)(i).  In December 2002, in a separate criminal proceeding in Utah state court, she pleaded guilty to identity fraud, a misdemeanor, in violation of § 76-6-1102 of the Utah Code.  Later that month, she submitted a petition to the Immigration Court seeking cancellation of removal on the grounds that her then two-year-old daughter, who is a United States citizen, would suffer "exceptional and extremely unusual hardship" if the removal was not abated.  The Immigration Judge (IJ) rejected her petition, and the Board of Immigration Appeals (BIA) affirmed.  Ms. Flores-Buenrostro asks this court to vacate the BIA's ruling.  We dismiss the matter for lack of jurisdiction.

## I. Discussion

Although not without limit, Congress has expansive power in the context of immigration and naturalization.  See Zadvydas v. Davis, 533 U.S. 678, 695 (2001) (noting that Congress' immigration and naturalization powers are subject to certain confines, but also stating "we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").  Pursuant to this broad authority, Congress passed the INA, which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . 1229b . . . ."  8 U.S.C. § 1252(a)(2)(B)(i).  Section 1229b permits–but does not require–the Attorney General to cancel the removal of an illegal alien where he or she "establishes that

2

removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States . . . ." 8 U.S.C. § 1229b(b)(1)(D). Thus, we have held that we lack jurisdiction where a petitioner asks this court to review the BIA's determination that removal would not result in an exceptional and extremely unusual hardship. See, e.g., Alvarez-Delmuro v. Ashcroft, 360 F.3d 1254, 1256 (10th Cir. 2004).

Nevertheless, this court has indicated that it will review a BIA decision if it raises a "substantial constitutional issue." Morales Ventura v. Ashcroft, 348 F.3d 1259, 1262 (10th Cir. 2003). In an effort to persuade this court to exercise jurisdiction, Ms. Flores-Buenostro casts her appeal as a procedural due process claim. After carefully examining the record and the IJ and BIA decisions, it is clear that Ms. Flores-Buenrostro's procedural due process rights have not been violated.

First, Ms. Flores-Buenrostro received a hearing with counsel. In addition, the record reflects that the IJ carefully considered and restricted Ms. Flores-Buenrostro's argument that her removal would cause "exceptional and extremely unusual hardship" to her then two-year-old daughter. Indeed, the IJ found that "her child is healthy, of tender years, and is without any special needs or circumstances." Rec. at 64. The IJ also observed that Ms. Flores-Buenrostro's child could either remain in the United States with her father and other siblings, or return to Mexico with her mother. The IJ concluded that although both

3

decisions had unpleasant consequences, neither "even remotely approximate[d] the high statutory standard of exceptional and extremely unusual." Id. (internal quotation marks omitted).

Ms. Flores-Buenrosto is unable to point to any authority indicating that the process the IJ employed to reach this conclusion is constitutionally deficient. Nor is she able to point to any aspect of the BIA's affirmance that runs afoul of her due process rights. Furthermore, we note that the BIA reviewed the record as well as the IJ's decision, and we are satisfied that the BIA's decision to adopt and affirm the IJ's decision provided the meaningful review to which Ms. Flores-Buenrostro was entitled. See Panrit v. INS, 19 F.3d 544, 546 (10th Cir. 1994) ("We therefore hold that where the [BIA] explicitly recites that it has reviewed the record and the [IJ's] decision and that it is content to rest its decision on the [IJ's] reasoning, adoption of the [IJ's] decision does not present any difficulty in terms of the [BIA's] articulation of its reasoning.").

## II. Conclusion

Accordingly, we DISMISS the appeal.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
Deputy Clerk

4