FILED
United States Court of Appeals
Tenth Circuit

February 20, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SANDRA LETICIA
MARTINEZ-RODRIGUEZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,*
United States Attorney General,

Respondent.

No. 08-9533
(Petition for Review)

ORDER AND JUDGMENT**

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Sandra Leticia Martinez-Rodriguez, a native and citizen of Mexico, entered

this country illegally in 1988 when she was twelve years old. She now has three

daughters who are United States citizens. In 2004, the Department of Homeland

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Security issued a notice to appear charging Ms. Martinez-Rodriguez with being subject to removal. Ms. Martinez-Rodriguez admitted removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b).[1] After an Immigration Judge (IJ) denied her application, she appealed to the Board of Immigration Appeals (BIA). A single member of the BIA affirmed the IJ's decision with a short opinion under 8 C.F.R. § 1003.1(e)(5). The BIA member agreed that, "[f]or the reasons identified by the [IJ]," Ms. Martinez-Rodriguez did not qualify for cancellation of removal because, while her "removal would adversely affect her

---

[1]    Under 8 U.S.C. § 1229b(b):

(1) In general

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien –

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

family, the level of hardship f[ell] short of the exceptional and extremely unusual standard set forth in section [1229b(b)(1)(D)]." Admin. R., Vol. 1 at 18. The BIA also denied her motion to reconsider. Ms. Martinez-Rodriguez has petitioned this court for review of the BIA's decisions, raising three points of error: (1) that the BIA denied her due process by adopting "[m]aterial and [e]rroneous [f]actual [f]indings" made by the IJ, Pet'r Opening Br. at 20 (emphasis omitted); (2) that the BIA denied her due process because neither the IJ's nor the BIA's decisions showed that BIA precedent had been properly applied, and (3) that the BIA denied her due process and failed to follow the applicable regulation because the member assigned to the case did not forward her appeal to a three-member panel for review.

I

Because the BIA member assigned to the case issued a brief order under § 1003.1(e)(5), we review that independent decision, which constitutes the final order of removal. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). But when, as in this case, the BIA member specifically adopts the IJ's reasoning in his decision, *see* Admin. R., Vol. 1 at 18, we may also look to the IJ's decision, *Uanreroro*, 443 F.3d at 1204.

Generally, when reviewing a decision from the BIA "we consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard. Under that test, our duty is to guarantee that

-3-

factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006) (alteration and quotation omitted). But, even after the passage of the REAL ID Act of 2005, "challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." *Id*. at 1281. This includes challenges to the discretionary determination of whether an alien showed the requisite "exceptional and extremely unusual hardship" for cancellation of removal under § 1229b(b)(1)(D). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1261-62 (10th Cir. 2003).

## A

Nevertheless, Ms. Martinez-Rodriguez claims she is not appealing the BIA's decision that she failed to show the requisite "exceptional and extremely unusual hardship." Instead she claims that she is appealing the agency's failure to provide her due process in reaching that decision. *See Diallo*, 447 F.3d at 1280 ("The Fifth Amendment entitles aliens to due process of law in removal proceedings."). She claims the BIA failed to provide her due process because it relied on the IJ's decision which, in turn, relied on erroneous factual findings and failed to properly follow BIA precedent in denying her application for cancellation of removal.

We turn first to Ms. Martinez-Rodriguez's claim that she was denied due process because the BIA relied on material and erroneous factual findings. Although it is true that following enactment of the REAL ID Act, we have jurisdiction to review constitutional claims and questions of law raised in a petition for review, 8 U.S.C. § 1252(a)(2)(D), Ms. Martinez-Rodriguez has done nothing to tie her naked factual challenges to the Due Process Clause other than use the words "due process." She simply points to the factual findings she disagrees with and then claims a due process violation occurred. As noted above, challenges directed *solely* at an agency's factual determinations are outside our jurisdiction. *Diallo*, 447 F.3d at 1281. Simply "[r]ecasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D)." *Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 190 (3d Cir. 2007). We thus have no jurisdiction over Ms. Martinez-Rodriguez's first point.

B

In her second point, Ms. Martinez-Rodriguez argues that her due process rights were violated because the IJ failed to properly apply BIA precedent in denying her application.

"At the core of due process are the requirements of notice and a meaningful opportunity to be heard." *Jarbough*, 483 F.3d at 190. It is clear that Ms. Martinez-Rodriguez received both. She complains that the IJ and BIA failed

-5-

to consider and discuss her argument comparing her factual situation with that in the three BIA precedential decisions that address the "exceptional and extremely unusual hardship" standard. This assertion misrepresents the record.

Our review shows that the IJ did discuss and consider all three decisions, recited the factual situation in each of those cases, and at places directly compared those factual situations with that in the present case. Further, the BIA's decision also cited the same three cases and, after examining a number of Ms. Martinez-Rodriguez's arguments on appeal, held that "the hardship faced by her family members [did not reach] the exceptional and extremely unusual level as outlined in th[e] Board's precedents." Admin. R., Vol. 1 at 19.

It therefore appears that Ms. Martinez-Rodriguez's actual complaint is that the BIA simply made the wrong decision regarding her application. We have held that a determination that an alien has not shown the "exceptional and extremely unusual hardship" necessary to qualify for cancellation of removal was an unreviewable discretionary decision because "[t]here is no algorithm for determining when a hardship is 'exceptional and extremely unusual.'" *Morales Ventura*, 348 F.3d at 1262. Further, Ms. Martinez-Rodriguez acknowledges in her opening brief that "[t]here are no hard and fast rules or definitions as to when the 'exceptional and extremely unusual hardship' standard is satisfied," and that "[e]ach case must be individually reviewed and assessed." Pet'r Opening Br. at 29.

Consequently, to the extent that Ms. Martinez-Rodriguez is arguing in her second point that the BIA violated her due process rights, we disagree. To the extent she is asking that we review the BIA's discretionary decision that she had not shown "exceptional and extremely unusual hardship," we lack the jurisdiction to do so.

C

In her third point, Ms. Martinez-Rodriguez argues that the BIA failed to provide her due process and violated 8 C.F.R. §§ 1003.1(e)(5) and (6) by not assigning her appeal to a three-member panel for review. Under § 1003.1(e), the BIA may use one of three methods to decide appeals from IJ decisions. First, it may affirm the IJ's decision without opinion

> if the Board member [to whom the case is assigned] determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> > (A) The issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or
> >
> > (B) The factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

8 C.F.R. § 1003.1(e)(4)(i).

Second, if the BIA member who is assigned the case decides that an affirmance without opinion is not appropriate,

the Board member shall issue a brief order affirming, modifying, or remanding the decision under review, unless the Board member designates the case for decision by a three-member panel under paragraph (e)(6) of this section under the standards of the case management plan. A single Board member may reverse the decision under review if such reversal is plainly consistent with and required by intervening Board or judicial precedent, by an intervening Act of Congress, or by an intervening final regulation.

*Id*. § 1003.1(e)(5).

Finally, a case may be assigned to review by a three-member panel only if the case presents one of a number of circumstances:

(i) The need to settle inconsistencies among the rulings of different immigration judges;

(ii) The need to establish a precedent construing the meaning of laws, regulations, or procedures;

(iii) The need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable precedents;

(iv) The need to resolve a case or controversy of major national import;

(v) The need to review a clearly erroneous factual determination by an immigration judge; or

(vi) The need to reverse the decision of an immigration judge or the Service, other than a reversal under § 1003.1(e)(5).

*Id*. § 1003.1(e)(6). As discussed above, the BIA member in this case issued a brief order under § 1003.1(e)(5) adopting the reasoning of and affirming the IJ's decision.

As to Ms. Martinez-Rodriguez's argument that the failure to provide review by a three-member panel denied her due process, we note that we held in *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir. 2004), that an alien has no constitutional right to appeal an IJ's decision to the BIA, and that the IJ's decision alone, affirmed without opinion by the BIA under § 1003.1(e)(4), provided the needed "reasoned agency decision on the merits of her petition for asylum." *A fortiori*, the BIA's short decision in this case, adopting the more detailed reasoning of the IJ's decision, provided the reasoned agency decision on the merits of her petition required by the Due Process Clause.

We therefore turn to Ms. Martinez-Rodriguez's argument that the BIA member violated § 1003.1(e)(6) in not forwarding her case to a three-member panel because (1) under § 1003.1(e)(6)(iii), the IJ's decision did not conform to BIA precedents; and (2) under § 1003.1(e)(6)(v), the IJ made clearly erroneous factual determinations. Ms. Martinez-Rodriguez asks that we reverse the BIA member's procedural decision, and remand the case, directing that it be assigned to a three-member panel. We agree with the government that we do not have jurisdiction to review the BIA member's procedural decision.

In *Tsegay*, this court addressed the issue of whether we had jurisdiction to review the decision of a BIA judge to affirm an IJ's decision without opinion under § 1003.1(e)(4), rather than issue a written opinion. We did not have jurisdiction to review the IJ's underlying decision rejecting Tsegay's asylum

application on the ground that the changed circumstances exception did not apply. *Tsegay*, 386 F.3d at 1354. In determining that we also did not have jurisdiction to review the BIA's decision to affirm without opinion, we examined the Immigration and Nationality Act (INA) and the Administrative Procedures Act (APA), the "[t]wo statutes defin[ing] our jurisdiction to review immigration decisions." *Id*. at 1353.

We first noted that we had no jurisdiction under the INA–which grants jurisdiction to review "final order[s] of removal," 8 U.S.C. § 1252(a)(1)–because "the BIA's procedural decision to affirm without opinion" was not a final order of removal; it was simply the procedural agency action that made the IJ's decision the final order of removal, and the IJ's decision was not reviewable. 386 F.3d at 1353.

In the present case, unlike the situation in *Tsegay*, the BIA judge issued a short opinion under § 1003.1(e)(5) instead of affirming without opinion, and that short opinion became the final order of removal. But the actual decision that Ms. Martinez-Rodriguez is appealing from is the intermediate procedural decision not to forward the case to a three-judge panel, not the BIA member's final order, which in no way addressed his decision not to forward the matter to a three-judge panel. We note that under 8 U.S.C. § 1252(b)(9),

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to

remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

But here, as we held above, the final order of removal is not reviewable.

In *Tsegay*, we next considered the APA's jurisdictional grant, noting: "[t]o be subject to review under the APA, the action at issue must be a 'final agency action.'" 386 F.3d at 1354 (quoting 5 U.S.C. § 704). We held that

> [t]he BIA's decision to affirm Tsegay's case without opinion was the final agency action here because it marked "the consummation of the agency decision-making process" and was an action "from which legal consequences flow," in that the affirmance without opinion establishes the IJ's asylum decision as the final order of removal.

*Id*. (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). We went on, however, to find that there was still no jurisdiction because the BIA's decision was committed to agency discretion as a matter of law. *Id*. at 1355-58.

Here, the procedural decision that Ms. Martinez-Rodriguez is appealing was not the final agency action. The final agency action was the BIA member's short opinion affirming the IJ's decision, not his preceding procedural decision. Similar to the INA provision quoted above, APA provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. But, again, we have no jurisdiction over the final agency action. Thus, under *Tsegay*, we have no jurisdiction to review that procedural decision not to assign the appeal to a three-judge panel.

-11-

This does not mean, however, that we never have jurisdiction to review a BIA member's decision not to forward a case to a three-judge panel. As correctly recognized by the parties, we held in *Batalova v. Ashcroft* that we did have jurisdiction to review the BIA judge's decision in that case. 355 F.3d 1246, 1253 (10th Cir. 2004). But in *Batalova* we had jurisdiction over the merits of the appeal and the petitioner was asking us to *also* review the decision not to forward to a three-judge panel. *See Tsegay*, 386 F.3d at 1358 (distinguishing *Batalova* on, among others, the ground that the court in *Batalova* had jurisdiction over the merits of the underlying appeal). Thus, in *Batalova* the court noted that "it ma[de] little difference whether the BIA member properly or improperly determined to [affirm with a short order], or whether the BIA acted through a single member or a three-member panel, because we directly review the IJ's decision, which the BIA member adopted," and then went on simply to hold: "As our review of the merits of petitioners' case will reveal, we find no error in [the decision not to forward to a three-judge panel]." 355 F.3d at 1253 & n.8.

Here, the only issue on appeal to the BIA–whether Ms. Martinez-Rodriguez showed the requisite "exceptional and extremely unusual hardship" for cancellation of removal under § 1229b(b)(1)(D)–is an issue we do not have jurisdiction to review. And it would be impossible for us to determine whether this case presented either "[t]he need to review a decision by an immigration judge or the Service that is not in conformity with the law or with applicable

-12-

precedents" or "[t]he need to review a clearly erroneous factual determination by an immigration judge," under § 1003.1(e)(6)(iii) and (v), as Ms. Martinez-Rodriguez requests, without engaging in the same merits determination we are without jurisdiction to conduct. *See Ngure v. Ashcroft*, 367 F.3d 975, 986 (8th Cir. 2004) ("[W]here a statute precludes judicial review of the IJ's determination, the court of appeals also lacks jurisdiction to review the BIA's decision to affirm without opinion, because such review would require the court to examine the merits of the IJ's unreviewable determination."); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir. 2003) (same). Thus, we have no jurisdiction to review the BIA member's procedural decision to decide the case with a short order under § 1003.1(e)(5) instead of forwarding it to a three-judge panel for review under § 1003.1(e)(6).

## II

To the extent the second point of Ms. Martinez-Rodriguez's petition for review raises a proper due process challenge, it is DENIED. The remainder of her petition is DISMISSED for lack of jurisdiction.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-13-