FILED
United States Court of Appeals
Tenth Circuit

December 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES NII AMARTEY,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 12-9539
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Charles Nii Amartey petitions for review of an order of the Board of

Immigration Appeals (BIA or Board), which denied his application for special-rule

cancellation of removal under 8 U.S.C. § 1229b(b)(2) because he failed to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

demonstrate that removal would result in extreme hardship to him. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

## Background

Amartey is a native and citizen of Ghana who entered the United States on May 26, 2003, on a nonimmigrant visitor visa. Rather than exiting the country before the expiration of his authorized six-month stay, he married a United States Citizen and remained in the United States. In April 2004, Amartey's wife filed a visa petition on his behalf, and he applied to adjust his status to lawful permanent resident. After interviewing Amartey and his wife, Citizenship and Immigration Services ("CIS") suspected that their marriage was fraudulent and referred the matter for further investigation. Amartey's wife subsequently withdrew the visa petition, acknowledging that the purpose of the marriage was so that Amartey could obtain United States citizenship. CIS ultimately denied the visa petition and adjustment application in May 2008, on the basis that the marriage was fraudulent.

The Department of Homeland Security ("DHS") served Amartey with a notice to appear on June 27, 2008, charging him with removability on two grounds: (1) as an alien who entered the United States on a nonimmigrant visa and remained longer than permitted, *see* 8 U.S.C. § 1227(a)(1)(B); and (2) as an alien who sought to procure a benefit under the Immigration and Nationality Act ("INA") by fraud or willful misrepresentation of a material fact, *see id.* § 1227(a)(1)(A); 8 U.S.C. § 1182(a)(6)(C)(i). At a hearing before an immigration judge ("IJ"), Amartey

- 2 -

conceded removability on the overstay charge but denied the fraud charge. He also

applied for special-rule cancellation of removal under 8 U.S.C. § 1229b(b)(2),

claiming that he was the battered spouse of a United States citizen.

### IJ's Decision

The IJ found Amartey removable as charged and denied his application for

relief, observing that "this is one of the more significant cases of marriage fraud that

the Court has seen." Admin. R. at 27. He also found that Amartey was not a credible

witness. But because the BIA or this court might disagree with his credibility

assessment, the IJ proceeded to make findings on the statutory requirements for

special-rule cancellation of removal.

As relevant to this case, § 1229b(b)(2) authorizes the Attorney General, in his

discretion, to cancel the removal of an alien who demonstrates that (1) he has been

battered or subjected to extreme cruelty by a United States citizen spouse; (2) he has

been physically present in the United States for a continuous period of at least three

years before filing his application; (3) he has been a person of good moral character

during that period; (4) he is not inadmissible or deportable under specified sections of

the INA; and (5) "the removal would result in extreme hardship to the alien."

8 U.S.C. § 1229b(b)(2)(A)(i)-(v). The IJ determined that Amartey failed to establish

that he had been the victim of battery or extreme cruelty. But even assuming that he

had satisfied that requirement, the IJ found that he failed to demonstrate that his

removal would result in extreme hardship to him. Finally, the IJ indicated that he

would ultimately deny Amartey's application in the exercise of discretion. The IJ therefore denied Amartey's application for special-rule cancellation of removal and ordered him removed.

### *BIA's Decision*

Amartey appealed the IJ's removal order to the BIA. He argued that the IJ erred in allowing DHS to present evidence regarding its charge of marriage fraud because DHS failed to disclose the evidence to Amartey before the hearing. The BIA first affirmed the IJ's conclusion that Amartey was removable under § 1227(a)(1)(B), because he failed to contest the charge that he overstayed his nonimmigrant visa. The Board explicitly did not address or affirm the IJ's alternative conclusion that Amartey was removable under § 1227(a)(1)(A), based on a fraudulent marriage. As to that charge, the BIA stated: "While we have concerns about the DHS's litigation strategy with regard to its endeavor to prove marriage fraud, we are unable to conclude that the respondent has suffered any prejudice as a result of the DHS's actions, since we are not reaching any marriage fraud issues." Admin. R. at 3 n.1.

The BIA next affirmed the IJ's determination that Amartey failed to demonstrate that his removal to Ghana would result in extreme hardship to himself, as required by § 1229b(b)(2)(A)(v). The Board cited the following factors, which the IJ had also relied on, as supporting its decision: Amartey's short stay in the United States; the lack of evidence that he had a health condition that would be adversely affected by his removal to Ghana; the absence of any risk that his former spouse

- 4 -

would travel to Ghana to harm him; and Amartey's educational background and employment history in Ghana. The BIA noted that Amartey had not asserted that any of the IJ's findings were clearly erroneous. It also concluded that any ridicule Amartey may suffer in Ghana based on his being a victim of domestic violence did not amount to an extreme form of hardship. After reiterating that it was not "considering or affirming any of the [IJ's] determinations relating to marriage fraud," the Board found "that the record supports the [IJ's] conclusion relating to the respondent's failure to establish extreme hardship." Admin. R. at 4. Finally, the BIA also explicitly stated that it would "not address the issues of credibility, battery, extreme cruelty, or discretion." *Id.*

The BIA therefore dismissed Amartey's appeal and ordered him removed to Ghana. Amartey filed a timely petition for review of the Board's decision.

## Discussion

Amartey contends that the IJ violated his due process rights by allowing DHS to present certain witnesses and evidence during the hearing, and that the BIA erred in concluding that he did not suffer any prejudice as a result of DHS's litigation strategy. More specifically, Amartey contends that, without the improperly admitted evidence, the IJ may have found him credible and may have relied on his testimony to determine that he was statutorily eligible for special-rule cancellation of removal under § 1229b(b)(2). And because the BIA affirmed the IJ's determination under that section, Amartey argues that the IJ's due process violation therefore prejudiced him.

Because a single member of the BIA affirmed the IJ's decision in a brief order, *see* 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the decision of the IJ, *see Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We review the agency's factual findings for substantial evidence and its legal determinations de novo. *Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001). We have jurisdiction to review the BIA's discretionary determination regarding extreme hardship under § 1229b(b)(2)(A)(v) only to the extent that Amartey raises a constitutional claim or a question of law. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003) (holding hardship determination is discretionary decision unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i)); *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (holding court has jurisdiction to review constitutional claims and questions of law with respect to extreme hardship issue under 8 U.S.C. § 1252(a)(2)(D)).

Amartey's contentions of error are unavailing. He asserts that the IJ violated his due process rights by considering DHS's evidence of marriage fraud, and he claims that the BIA "erred in affirming the IJ's improper application of legal standards." Pet. Br. at 7. But the BIA did not consider or affirm the IJ's decision to admit DHS's evidence. Rather, the Board found that Amartey was removable on the alternative charge that he overstayed his nonimmigrant visa, a point that he conceded. The BIA thereafter expressly declined to address any issue related to the IJ's

- 6 -

marriage fraud determination, including Amartey's contention that the IJ violated his due process rights with respect to that issue.

Amartey argues that the BIA nonetheless erred in concluding that he was not prejudiced by DHS's litigation strategy on the marriage fraud issue. He claims that the IJ relied on the improperly admitted evidence in making his adverse credibility finding, which in turn affected the IJ's determination regarding his eligibility for discretionary relief under § 1229b(b)(2). But the BIA affirmed the IJ's denial of relief solely on the basis of Amartey's failure to demonstrate the requisite hardship under § 1229b(b)(2)(A)(v). He fails to show that the IJ's credibility finding or the evidence he claims was improperly admitted by the IJ played any role in the Board's decision. The BIA expressly declined to address the issue of Amartey's credibility. Thus, it did not reject Amartey's evidence of hardship as not credible. To the contrary, the Board carefully considered the evidence he presented, but concluded that it was insufficient "to establish that he would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the removal of an alien from the United States." Admin. R. at 4.

**Conclusion**

Amartey conceded removability based on overstaying his nonimmigrant visa. And he has not raised a meritorious constitutional claim or a question of law with respect to the BIA's determination that he failed to establish that his removal would result in extreme hardship. The petition for review is therefore DENIED.

Entered for the Court


David M. Ebel
Circuit Judge