FILED
United States Court of Appeals
Tenth Circuit

June 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JESUS ADAN RODRIGUEZ-REYES,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 14-9502
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jesus Adan Rodriguez-Reyes petitions for review of a Board of Immigration

Appeals (BIA) order denying his motion to reopen removal proceedings.  We dismiss

the petition, in part, for lack of jurisdiction and deny the remainder of

Mr. Rodriguez-Reyes's claims.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Mr. Rodriguez-Reyes is a native and citizen of Mexico who entered the United States illegally in 1994.  An Immigration Judge (IJ) denied his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1) because he failed to establish "exceptional and extremely unusual hardship" to a qualifying relative, as required by § 1229b(b)(1)(D).  The BIA agreed and dismissed his appeal.  While acknowledging that Mr. Rodriguez-Reyes's removal to Mexico would result in hardship to his United States citizen children, the BIA concluded that he failed to carry his burden to show hardship "'substantially beyond that which ordinarily would be expected to result from the alien's deportation.'"  Admin. R. at 79 (quoting *In re Monreal*, 23 I. & N. Dec. 56, 59 (BIA 2001)).  The BIA dismissed Mr. Rodriguez-Reyes's appeal on August 30, 2013.  He did not file a petition for review with this court within the next 30 days.

Mr. Rodriguez-Reyes instead filed a timely motion to reopen on September 23, 2013.  He asked the BIA to reopen his proceedings and remand to the IJ based on new evidence of hardship.  Specifically, Mr. Rodriguez-Reyes indicated that he had recently married a United States citizen, who had filed an I-130 Petition for Alien Relative on his behalf.  Mr. Rodriguez-Reyes nonetheless conceded there were several barriers to his ability to adjust his status even if the I-130 Petition were granted.  As to new evidence of hardship, he noted that his wife was a qualifying relative for purposes of cancellation of removal, and he described the effect his

- 2 -

removal would have on her, both emotionally and financially. He also stated that his son had recently failed to pass the fifth grade, and he explained how the employees of his business in Utah would be affected by his removal.

The BIA denied Mr. Rodriguez-Reyes's motion to reopen. It concluded he had not offered any new evidence of hardship that warranted reopening. Regarding his marriage to a United States citizen, the BIA said his evidence failed to establish the requisite level of hardship for cancellation of removal. It held further that he had not shown prima facie eligibility for adjustment of status based on his I-130 Petition. Mr. Rodriguez-Reyes filed a petition for review of the BIA's order denying his motion to reopen.

## II.    Discussion

Mr. Rodriguez-Reyes argues that the agency (1) applied the wrong legal standard in determining that he failed to show the requisite level of hardship for cancellation of removal, (2) otherwise erred in making that hardship determination, and (3) violated his due process rights in denying his motion to reopen. "The decision to grant or deny a motion to reopen . . . is within the discretion of the Board . . . ." 8 C.F.R. § 1003.2(a). Thus, we generally review the BIA's denial of a motion to reopen for an abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). The Attorney General contends that we lack jurisdiction to review most Mr. Rodriguez-Reyes's claims, and the remaining claims are without merit. We agree.

- 3 -

**A.     This Court has no Jurisdiction to Review the BIA's Removal Order**

First, we have no jurisdiction to review Mr. Rodriguez-Reyes's claims related

to the BIA's order affirming the IJ's denial of his application for cancellation of

removal, because he failed to file a timely petition for review of that order.  *See id.*

at 1361 (holding appellate court lacked jurisdiction to review BIA order affirming

IJ's denial of asylum, because alien did not file petition for review within 30 days of

BIA order as required by 8 U.S.C. § 1252(b)(1)).  We therefore dismiss the petition

for review to the extent that Mr. Rodriguez-Reyes's first two contentions of error

relate to the BIA's dismissal of his appeal, the IJ's oral decision, or the preceding

hearing before the IJ.

**B.     This Court has no Jurisdiction to Review the BIA's Hardship
Determination**

Second, we lack jurisdiction to review the BIA's discretionary determinations

under § 1229b regarding an alien's application for cancellation of removal.  *See*

8 U.S.C. § 1252(a)(2)(B)(i) (providing "no court shall have jurisdiction to review . . .

any judgment regarding the granting of relief under section . . . 1229b").  In

particular, "the hardship issue is [such] a matter of discretion.  There is no algorithm

for determining when a hardship is 'exceptional and extremely unusual.'  The

decision regarding when hardship has reached that level is a judgment call." *Morales*

*Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003).

Moreover, an alien cannot, by appealing the denial of a motion to reopen,

"indirectly obtain judicial review of a discretionary ruling that is not directly

reviewable." *Alzainati v. Holder*, 568 F.3d 844, 848, 850 (10th Cir. 2009).

Therefore,

> if, in deciding a motion to reopen the BIA credits and considers the new evidence submitted in support of the motion and determines the alien would still not be entitled to a finding of exceptional and extremely unusual hardship, we cannot review that merits decision even it if takes the form of a denial of a motion to reopen.

*Id*. at 850.

> However, if, in deciding a motion to reopen, the BIA refuses, contrary to established procedures, to consider new and pertinent evidence, due process rights are implicated. Then we exercise limited jurisdiction to review the propriety of the BIA's failure to consider the evidence and, in an appropriate case, can require consideration of the evidence.

*Id*.

Mr. Rodriguez-Reyes argues the BIA violated his due process rights by denying him the opportunity to present evidence of his marriage and the hardship to his wife that will result from his removal. He asserts that the BIA denied his motion to reopen "without even considering the new circumstances in [his] life" and "completely ignored" the significance of his recent marriage to a United States citizen. Pet. Br. at 20. The record does not support these contentions.

The BIA explicitly referenced Mr. Rodriguez-Reyes's new evidence related to his marriage to a United States citizen, including an affidavit from his wife describing the emotional and financial hardship she would experience upon his removal. The BIA then concluded that he "ha[d] not made a prima facie showing that such hardship would rise to the level of 'exceptional and extremely unusual'

- 5 -

hardship." Admin. R. at 3. It stated further that Mr. Rodriguez-Reyes "ha[d] not offered any new or previously unavailable evidence of hardship to any qualifying relative *to warrant reopening*." *Id.* (emphasis added). Finally, the BIA said that, despite his wife's filing of an I-130 Petition, Mr. Rodriguez-Reyes did not present evidence that he was "prima facie eligible for adjustment of status . . . or for any other relief from removal." *Id.* We lack jurisdiction to review these determinations because the BIA did not refuse to consider Mr. Rodriguez-Reyes's evidence; rather, it credited that evidence but found on the merits that it was insufficient to carry his burden to make a prima facie showing of the requisite level of hardship or eligibility for other relief. *See Alzainati*, 568 F.3d at 850. We therefore dismiss the petition for review to the extent that Mr. Rodriguez-Reyes seeks review of the BIA's hardship determination in denying his motion to reopen.

## C. Mr. Rodriguez-Reyes's Other Claims Lack Merit

Notwithstanding the jurisdictional bar in § 1252(a)(2)(B)(i) that precludes our review of the agency's discretionary determinations under § 1229b, this court retains jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We have construed "questions of law" to mean "a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006).

Mr. Rodriguez-Reyes appears to assert a "question of law" by contending that the BIA misconstrued the statutory standard of "exceptional and extremely unusual

- 6 -

hardship" in § 1229b(b)(1)(D) in denying his application for cancellation of removal. He notes that the BIA requires a showing of hardship that is "substantially beyond that which ordinarily would be expected to result from the alien's deportation." *In re Monreal*, 23 I. & N. Dec. at 59 (italics omitted). He argues that the IJ failed to apply that standard, concluding instead that there was "no legal basis" to grant his application under § 1229b, Admin. R. at 177, and that the BIA was "misled" by the IJ's holding, Pet. Br. at 15.[1]

As we have explained, we lack jurisdiction to review Mr. Rodriguez-Reyes's contentions related to the BIA's affirmance of the IJ's denial of cancellation of removal because he did not file a timely petition for review of his removal order. But we can review his assertion that the BIA continued to apply an erroneous statutory standard in denying his motion to reopen. That claim has no merit. The BIA cited *In re Monreal*, and Mr. Rodriguez-Reyes points to nothing in the BIA's order indicating or even suggesting that it did not apply the correct statutory standard.

Mr. Rodriguez-Reyes asserts a constitutional claim by contending that the BIA deprived him of procedural due process in denying his motion to reopen. Although the BIA's refusal to consider new and pertinent evidence on a motion to reopen implicates due process rights, *Alzainati*, 568 F.3d at 850, we have already rejected his

---

[1] Regarding the IJ's "no legal basis" conclusion, the BIA said that, "because the respondent did not carry his burden of establishing exceptional and extremely unusual hardship to a qualifying relative, which is a legal requirement for cancellation of removal, there was 'no legal basis' for cancellation of removal." Admin. R. at 28.

claim that the BIA did not consider his new evidence. But he also argues that the BIA's failure to remand to the IJ for further fact finding, including testimony about the hardship his wife will experience if he is removed, was "a quintessential due process violation because [he] was given no meaningful opportunity whatsoever to make his case for cancellation of removal based on the newly available evidence of his marriage." Pet. Br. at 21.

This claim has no merit. As Mr. Rodriguez-Reyes acknowledges, an alien in removal proceedings is entitled "only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Alzainati*, 568 F.3d at 851 (internal quotation marks omitted). The process for seeking to reopen removal proceedings "derives solely from regulations promulgated by the Attorney General." *INS v. Doherty*, 502 U.S. 314, 322 (1992). Under the applicable regulation, a motion to reopen must "state the new facts *that will be proven at a hearing to be held if the motion is granted* and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (emphasis added). Thus, it was Mr. Rodriguez-Reyes's burden to submit sufficient evidence in support of his motion to reopen to establish grounds for further fact finding before an IJ. The BIA considered his new evidence and found it inadequate. He was not thereby deprived of due process.

The petition for review is dismissed in part and denied in part.

Entered for the Court


Jerome A. Holmes
Circuit Judge