FILED
United States Court of Appeals
Tenth Circuit

December 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE VIDAL BARRON-ORDAZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 14-9552
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Jose Vidal Barron-Ordaz, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals (BIA) that denied his motion to

reopen removal proceedings. We dismiss the petition in part and we deny it in part.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Mr. Barron-Ordaz illegally entered the United States in 1994 as an adult. His parents, both of whom are lawful permanent residents, and four children, the youngest of whom is a United States citizen, all reside in this country.

In 2010, the Department of Homeland Security charged Mr. Barron-Ordaz as being removable because he had entered the country without being admitted or paroled after inspection by an immigration officer. He appeared before an immigration judge (IJ) and conceded removability, but he sought cancellation of removal and adjustment of status. The IJ denied relief, concluding that Mr. Barron-Ordaz had failed to show that his removal would cause his parents or his United States citizen child an exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1)(D) (authorizing the Attorney General to cancel removal and adjust the status of an alien who, among other things, "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence").

Mr. Barron-Ordaz appealed to the BIA, which dismissed the appeal after concluding that he had failed to show a hardship atypical of removal. Mr. Barron-Ordaz did not seek review.

Instead, five weeks later, Mr. Barron-Ordaz filed in the BIA a motion to reopen and to stay his removal. He noted that one of his Mexican born children,

twenty-two-year-old Ramon, had applied for deferred action for childhood arrivals (DACA).[1] In light of Ramon's DACA application and the fact that the rest of the family would be staying in the United States, Mr. Barron-Ordaz urged the BIA to "analyze the cumulative effect of hardship with the inclusion of the hardship relating to [his] separation . . . from both sons and his parent[s]." R. at 18.

The BIA denied the motion, stating that even if Ramon obtained DACA relief, Mr. Barron-Ordaz would not be eligible for cancellation of removal because DACA would not give Ramon lawful status. The BIA also noted that Ramon would not be a qualifying child for cancellation-of-removal purposes given his age. *See* 8 U.S.C. § 1101(b)(1) (defining "child" as "an unmarried person under twenty-one years of age"). Finally, the BIA observed that both it and the IJ had already considered and rejected "both scenarios as to whether [Mr. Barron-Ordaz's] qualifying relatives would remain in the Untied States or accompany [him] to Mexico in the event of his removal." R. at 4.

Mr. Barron-Ordaz now petitions this court for review.

---

[1] "Deferred action is a use of prosecutorial discretion to defer removal action against an individual for a certain period of time. Deferred action does not provide lawful status." *See* http://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-daca. Although Mr. Barron-Ordaz states in his petition for review that his motion to reopen was "based upon the newly acquired evidence that his son, Ramon, was granted [DACA]," Pet'r Br. at 8, his motion was in fact premised on Ramon's "application for [DACA]," R. at 16. The administrative record before the BIA included only the application, and we limit our review of the BIA's decision to the record before that agency. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based[.]").

DISCUSSION

Mr. Barron-Ordaz argues that "[t]here was a distinct lack of cumulative analysis when [the BIA] consider[ed] the Motion to Reopen" because the BIA did not assess the hardship Ramon would suffer due to his father's removal. Pet'r Br. at 21-22. "The decision to grant or deny a motion to reopen . . . is within the discretion of the Board . . . . " 8 C.F.R. § 1003.2(a). Thus, we ordinarily review the BIA's denial of a motion to reopen for an abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).

But we lack jurisdiction to review the BIA's discretionary determinations regarding an alien's application for cancellation of removal under 8 U.S.C. § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (providing that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b"). In particular, "the hardship issue is [such] a matter of discretion." *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). And an alien cannot, by appealing the denial of a motion to reopen, "indirectly obtain judicial review of a discretionary ruling that is not directly reviewable." *Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009). Specifically,

> if, in deciding a motion to reopen the BIA credits and considers the new evidence submitted in support of the motion and determines the alien would still not be entitled to a finding of exceptional and extremely unusual hardship, we cannot review that merits decision even it if takes the form of a denial of a motion to reopen.

*Id.* at 850. Thus, we lack jurisdiction to review the BIA's determination that Mr. Barron-Ordaz's evidence does not rise to the level of an exceptional and extremely unusual hardship on a qualifying relative.

Nevertheless, we retain jurisdiction to review constitutional claims and questions of law involving statutory construction. *See Diallo v. Gonzales*, 447 F.3d 1274, 1281–82 (10th Cir. 2006). To the extent Mr. Barron-Ordaz complains that the BIA ignored "Ramon's existence" in making its hardship determination, Pet'r Br. at 22, he raises a constitutional claim, *see Alzainati*, 568 F.3d at 850 ("[I]f, in deciding a motion to reopen, the BIA refuses, contrary to established procedures, to consider new and pertinent evidence, due process rights are implicated. Then we exercise limited jurisdiction to review the propriety of the BIA's failure to consider the evidence and, in an appropriate case, can require consideration of the evidence.").

The problem, though, with Mr. Barron-Ordaz's argument is that the BIA did in fact consider Ramon and his DACA application, but it observed that he was not a qualifying child for purposes of the hardship analysis because (1) he was neither a United States citizen nor a lawful permanent resident, *see* 8 U.S.C. § 1229b(b)(1)(D); and (2) he was too old, *see id.* § 1101(b)(1). Thus, there was no due-process violation.

## CONCLUSION

The petition for review is dismissed to the extent it challenges the BIA's hardship determination. The petition is denied to the extent it concerns the BIA's consideration of evidence presented in the motion to reopen.

Entered for the Court


Bobby R. Baldock
Circuit Judge