**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JESUS J. SALDANA;
MARIA DE JESUS SALDANA,

Petitioners,

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent.

No. 02-9592
(BIA Nos. A76-387-811 &
A76-387-812)
(Petition for Review)

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jesus J. Saldana petitions for review of an order of the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's (IJ) denial of Mr. Saldana's request for cancellation of removal. [1] Mr. Saldana contends that the BIA violated his due process rights by summarily affirming the IJ's decision without issuing any opinion or explanation of its rationale and reasoning. [2] This court has recently upheld the constitutionality of the summary affirmance procedure used in this case. Mr. Saldana argues also that the BIA erred in affirming the IJ's determination that his son Juan would not suffer exceptional and extremely unusual hardship if Mr. Saldana did not obtain cancellation of removal. This second issue involves a discretionary decision by the IJ and we lack jurisdiction to review it. We deny the petition for cancellation of removal and we affirm the BIA's decision.

**Background**

Mr. Saldana is a native of Mexico who has been living in the United States since 1984. On August 24, 1999, the Immigration and Naturalization Service

---

[1]    Although Ms. Saldana's name is included on the petition for review, petitioners' brief indicates that this petition applies solely to Mr. Saldana--"[t]his Appeal addresses only Mr. Saldana." Pet. Br. at 4.

[2]    In his reply brief, Mr. Saldana argues for the first time that the BIA's decision to streamline his case constituted an abuse of discretion because it was contrary to the regulations. We do not ordinarily review issues raised for the first time in a reply brief , *Stump v. Gates* , 211 F.3d 527, 533 (10th Cir. 2000), and we see no reason to depart from that rule here.

(INS) served him with a Notice to Appear charging him with removability under the Immigration and Nationality Act (INA), alleging that he was an alien present in the United States without being admitted or paroled. On November 16, 1999, Mr. Saldana admitted to all factual allegations in the Notice to Appear, and sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). At the hearing, there was testimony that Mr. Saldana's son, Juan, has had some medical problems. On January 11, 2001, the IJ issued an oral decision denying Mr. Saldana's application for cancellation of removal. The IJ found that Mr. Saldana had established his ten-year physical presence and good moral character, however, the IJ determined that Mr. Saldana failed to show how Juan would suffer exceptional or extremely unusual hardship as a result of Mr. Saldana's removal. The IJ noted that there was no medical report showing that Juan has a condition that is chronic or that requires continuing medical attention. On November 18, 2002, the BIA affirmed the IJ's decision without an opinion. Mr. Saldana timely petitioned for review.

## Summary Affirmance

Mr. Saldana argues that the BIA abused its discretion and violated his due process rights when it summarily affirmed the IJ's decision without articulating the reasons for its decision. The BIA relied on 8 C.F.R. § 3.1(e)(4) (now codified at 8 C.F.R. § 1003.1(e)(4)) in issuing its summary affirmance without an opinion.

This subsection permits the BIA to affirm a decision without an opinion when the Board member determines that the decision is correct, any errors are harmless or nonmaterial, and the issues are either squarely controlled by precedent or are not so substantial that the case warrants issuance of a written opinion. 8 C.F.R. § 1003.1(e)(4)(i). The decision below becomes the final agency determination. *Id.* § 1003.1(e)(4)(ii). "An order affirming without opinion . . . shall not include further explanation or reasoning. Such an order approves the result reached in the decision below . . . ." *Id.* Mr. Saldana's due process argument was recently rejected by this court in *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004). *See also Batalova v. Ashcroft*, 355 F.3d 1246, 1253-54 (10th Cir. 2004) (rejecting due process challenge to summary affirmance procedure in 8 C.F.R. § 3.1(e)(5)); *Hang Kannha Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004) (rejecting due process challenge to summary affirmance procedure in 8 C.F.R. § 3.1(a)(7)). Mr. Saldana's due process argument therefore fails.

## Exceptional and Extremely Unusual Hardship

Mr. Saldana contends that the IJ erred in determining that his son Juan would not suffer exceptional and extremely unusual hardship if Mr. Saldana was removed to Mexico.[3] We do not have jurisdiction to review this determination.

---

[3] Mr. Saldana also seeks to introduce new evidence that was not presented to
(continued...)

-4-

The applicable rule provides: "(B) Denials of discretionary relief [–] Notwithstanding any other provision of law, no court shall have jurisdiction to review– (i) any judgment regarding the granting of relief under section . . . 1229b . . . of this title." 8 U.S.C. § 1252(a)(2)(B)(i). This court recently interpreted this provision and we held that the exceptional and extremely unusual hardship determination under § 1229b is a discretionary decision. *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). We lack jurisdiction to review a challenge to this kind of discretionary determination unless a petitioner presents a substantial constitutional issue. *Id.* No such issue exists in this case.

Accordingly, we DENY the petition for review of the cancellation of removal claim and we AFFIRM the BIA's decision.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3](...continued)
the IJ. This court can only review the record that was before the IJ. *See* 8 U.S.C. § 1252(b)(4)(A). Mr. Saldana must file a motion to re-open with the BIA in order to introduce new evidence. *See* 8 C.F.R. § 1003.2.

**LUCERO**, J., Circuit Judge, concurring.

I join, but see my concurrence in *Alvarez-Delmuro v. Ashcroft*, ___ F.3d___, 2004 WL 431531, at *3 (10th Cir. Mar. 9, 2004) (Lucero, J., concurring).