**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICAELA FRANCISCO JOSE,

    Petitioner,

v.

JOHN ASHCROFT, Attorney General,

    Respondent.

No. 03-9613
(BIA No. A23-726-343)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **HARTZ** and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner Micaela Francisco Jose, an illegal alien who concedes that she is removable as charged, is a native and citizen of Guatemala. She faces removal from this country after having been here for almost twenty years. Petitioner seeks review of the Immigration Judge's (IJ) rulings that (1) she is not eligible for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, § 203, 1997 U.S.C.C.A.N. (111 Stat.) 2196-98; (2) she failed to establish a well-founded fear of persecution to qualify for political asylum; and (3) she failed to establish under 8 U.S.C. § 1229b(b)(1)(D) that removal should be cancelled because her children would suffer extreme, exceptional, and unusual hardship. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion, making it the final agency determination. *See Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1255 (10th Cir. 2004).

Because petitioner's removal proceedings were commenced in October of 2000, this case is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Lacking jurisdiction to directly review petitioner's specific claims of error, we dismiss the petition.

**A. General cancellation.** Petitioner applied for general cancellation of removal under 8 U.S.C. § 1229b(b)(1). After holding a hearing, the IJ determined

that she had not established that her removal would work an "exceptional and extremely unusual hardship" on her three children. § 1229b(b)(1)(D); Admin. R. at 38. On appeal, petitioner asserts only that her hardship claim, which was rejected by the IJ, should be "given great weight, so that she may be allowed to remain here with them." Pet. Br. at 15. Respondent correctly maintains that the permanent judicial review statutes deprive this Court of jurisdiction to directly review the IJ's ruling denying cancellation of removal. *See* § 1252(a)(2)(B)(i) (providing that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . ."); *Alvarez-Delmuro*, 360 F.3d at 1256-57; *Morales Ventura v. Ashcroft,* 348 F.3d 1259, 1262 (10th Cir. 2003). We therefore dismiss this claim in the petition for review.

**B. Political asylum.** On her political asylum claim brought under 8 U.S.C. § 1158, petitioner asks only that the case be remanded so that she may present further testimony. Pet. Br. at 13. As respondent points out, however, under the permanent rules, we are prohibited from directing the Board to take further evidence. *See* 8 U.S.C. § 1252(a)(1) (providing that, in reviewing removal orders, "the court may not order the taking of additional evidence under [28 U.S.C. § 2347(c)]"); 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition [for review] only on the administrative record on which the order of removal is based"). We therefore also dismiss this claim.

-3-

**C. Special rule cancellation.** Before IIRIRA was passed, the Attorney General had the discretion to suspend the deportation of qualified aliens if certain conditions were met. *See* 8 U.S.C. § 1254(a) (1996) (repealed). IIRIRA repealed this authority and replaced it with a provision on "cancellation of removal," which contained more restrictive rules. *See* § 1229b. One of the more restrictive permanent rules is a "stop-clock" provision providing that, once an alien is served with a notice to appear, the alien ceases to accrue time towards the residency requirement in cancellation of removal proceedings. *See* § 1229b(d). Congress amended this new scheme when it enacted the NACARA to create an exception for qualifying aliens from Central America who could benefit from the less stringent old rules, rather than the new IIRIRA rules. Under NACARA, the stop-clock provision does not apply to Guatemalans who filed an application for asylum before April 1, 1990. *See* NACARA § 203(1), 1997 U.S.C.C.A.N (111 Stat.) 2196-98 (amending § 309(c)(5) of IIRIRA). Further, under NACARA, a qualifying Guatemalan may be granted cancellation of removal after only seven years of continuous presence, instead of ten, and with only a showing of "extreme hardship" instead of having to show an "exceptional and extremely unusual hardship" to her citizen family. *See id.* § 203(2), 111 Stat. 2198-99.

Although she had met the higher, 10-year continuous-residence requirement notwithstanding any stop-clock provisions before her removal proceedings were commenced, petitioner also applied for special-rule cancellation under IIRIRA § 309(f) [1] as amended by NACARA. After a hearing and additional briefing, the IJ found that petitioner had not satisfied § 309(f)(1)'s requirement that she is an alien described in § 309(c)(5)(C)(i), *i.e.,* that she applied for asylum before 1990. Petitioner appeals from this threshhold finding.

---

[1] Section 309(f) is reprinted in the historical and statutory notes describing the 1996 amendments to IIRIRA following 8 U.S.C. § 1101. In relevant part, the statute reads:
(f) SPECIAL RULE FOR CANCELLATION OF REMOVAL–
  (1) IN GENERAL–Subject to the provisions of the Immigration and Nationality Act (as in effect after the title III A effective date), other than subsections (b)(1), (d)(1), and (e) of section 240A of such Act (but including section 242(a)(2)(B) of such Act), the Attorney General may, under section 240A of such Act, cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States, if the alien applies for such relief, the alien is described in subsection (c)(5)(C)(i) of this section, and–
  (A) the alien–
  (i) is not inadmissible or deportable under paragraph (2) or (3) of section 212(a) or paragraph (2), (3), or (4) of section 237(a) of the Immigration and Nationality Act and is not an alien described in section 241(b)(3)(B)(i) of such Act;
  (ii) has been physically present in the United States for a continuous period of not less than 7 years immediately preceding the date of such application;
  (iii) has been a person of good moral character during such period; and
  (iv) establishes that removal would result in extreme hardship to the alien or to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

But respondent asserts that we are precluded from directly reviewing this finding under IIRIRA § 309(c)(5)(C)(ii), (amended by NACARA § 203(1), 111 Stat. 2197). This amendment provides that "[a] determination by the Attorney General as to whether an alien satisfies the requirements of this clause (i) [*inter alia,* of being a Guatemalan national who filed an application for asylum on or before April 1, 1990] is final and shall not be subject to review by any court." § 309(c)(5)(C)(ii). Petitioner does not counter this argument in her reply brief but asserts only that exclusion orders are generally reviewable. We see no reason not to apply the jurisdictional limitation.

Further, amended IIRIRA § 309(f), which is an uncodified amendment to § 1229b, specifically states that it is subject to § 1252(a)(2)(B). IIRIRA § 309(f)(1). As discussed above, under the permanent rules, courts do not have jurisdiction to directly review a judgment denying relief under §1229b. *See* § 1252(a)(2)(B)(ii). Amended IIRIRA § 309(c)(5)(C)(ii) (which contains the additional jurisdictional limitation) expressly provides that it does not limit the application of § 1252(a)(2)(B). We conclude that we have no jurisdiction to review a denial of relief for special cancellation of removal brought under amended IIRIRA § 309(f). *Cf. Kharkhan v. Ashcroft*, 336 F.3d 601, 604 (7th Cir. 2003) (dismissing petition for lack of jurisdiction because application for special-rule cancellation of removal is request for relief under § 1229b, and

review of discretionary decision to cancel removal under § 1229b is barred under § 1252(a)(2)(B)(i) & (ii)); *Tsevegmid*, 336 F.3d at 1235 (applying § 1158(a)(3), which expressly provides that the courts do not have jurisdiction to directly review Attorney General's determinations made under § 1158(a)(2), as a jurisdictional bar to review alien's claims that he fell within exceptions listed under § 1158(a)(2)) .

The petition for review is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge