FILED
United States Court of Appeals
Tenth Circuit

March 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARTURO NUNEZ RODARTE;
MARIA GUADALUPE NUNEZ,

Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

Nos. 09-9510 & 09-9549

**ORDER**

Before **TACHA, TYMKOVICH** and **GORSUCH**, Circuit Judges.

These matters are before the court to correct a clerical error. On December 1, 2009, an Order And Judgment issued in proceeding number 09-9510. That case and number 09-9549 were consolidated procedurally, however, via an order entered on September 21, 2009. Due to the clerical error, case number 09-9549 was not reflected on the December 1 caption for the decision. Consequently, we reissue the attached Order And Judgment, including both case numbers, *nunc pro tunc* to December 1, 2009. The mandate for both matters shall issue forthwith.

Entered
for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**December 1, 2009**

**TENTH CIRCUIT**

ARTURO NUNEZ RODARTE; MARIA
GUADALUPE NUNEZ,

Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

Nos. 09-9510 & 09-9549

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioners-appellants Arturo Nunez-Rodarte and his wife, Maria Guadalupe Nunez ("petitioners") petition for judicial review of an order of the Board of Immigration

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appeals ("BIA") denying their motion to reopen their application for cancellation of removal under Immigration and Naturalization Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). Respondent-appellee the United States ("respondent") contends that under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to consider the BIA's denial of petitioners' motion to reopen. We agree with respondent and therefore DISMISS the petitions for want of jurisdiction.

## I. BACKGROUND

Petitioners are citizens of Mexico and have two children, aged sixteen and thirteen, who are both citizens of the United States. Mr. Nunez-Rodarte has lived in the United States unlawfully since 1986; his wife began living here sometime after July 1991. On July 2, 2001, the United States placed petitioners in removal proceedings. Thereafter, petitioners applied for cancellation of removal under § 1229b, which provides for discretionary cancellation of removal when an alien demonstrates that: (1) he has been physically and continuously present in the United States in the ten years preceding their application; (2) he has been a person of good moral character during such period; (3) he has not been convicted of certain criminal offenses; and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

On October 15, 2007, the Immigration Law Judge ("ILJ") found that petitioners

had failed to establish the fourth requirement under the statute.[1]  Specifically, the ILJ found that the children would suffer by returning with petitioners to an unfamiliar culture in Mexico, but that this hardship would not be exceptional or extremely unusual.  The ILJ noted that the children did not have any other family or support system in the United States and that the only hardship they would experience is a lack of educational and economic opportunities.

Petitioners appealed to the BIA.  On July 25, 2008, the BIA dismissed the appeal, agreeing with the ILJ that petitioners had failed to meet their burden of proof to establish extreme and unusual hardship to their United States citizen children.  On October 15, 2008, petitioners filed a motion to reopen the BIA's July 25 decision in order to present new evidence supporting their claim of hardship.  On January 5, 2009, the BIA denied the motion to reopen, stating that "[t]he new facts alleged regarding the . . . children's educational difficulties, together with the facts already of record, do not indicate a reasonable likelihood of success on the merits regarding the issue of exceptional and extremely unusual hardship so as to make it worthwhile to develop the issues at a hearing."

Petitioners now seek judicial review to contest the BIA's January 5 denial of their motion to reopen.  They argue that the BIA: (1) ignored relevant precedent in determining

---

[1]The ILJ also found that Mr. Nunez-Rodarte's wife had failed to demonstrate the first requirement, but this issue is not relevant to these appeals.

whether they had satisfied the hardship requirement; and (2) failed to articulate the basis for its decision in anything other than "conclusory statements."

## II. DISCUSSION

As respondent makes clear, the threshold issue is whether we have jurisdiction to consider the BIA's denial of petitioners' motion to reopen. Section 1252(a)(2)(B) provides that "[n]otwithstanding any other provision of law, . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . of this title." 8 U.S.C. § 1252(a)(2)(B). This provision precludes jurisdiction to review the BIA's denial of an application for cancellation of removal under § 240A of the INA, 8 U.S.C. § 1229b. *See Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004); *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). This provision also applies to a denial of a motion to reopen that is based on a finding that petitioners' new evidence did not support a finding of exceptional and extremely unusual hardship. *See Alzainati v. Holder*, 568 F.3d 844, 849 (10th Cir. 2009) ("Because § 1252(a)(2)(B)(I) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the BIA's denial of a motion to reopen because the alien still has failed to show the requisite hardship."). Thus, to the extent petitioners challenge the BIA's denial of their motion to reopen based on its determination that they had not shown that their removal would cause their United States children to suffer exceptional and extremely

- 4 -

unusual hardship, we must dismiss the petition for lack of jurisdiction.

We do, however, have jurisdiction to consider constitutional claims or questions of law, INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D), but only insofar as such issues are "colorable." *Alvarez-Delmuro*, 360 F.3d at 1256–57; *Morales Ventura*, 348 F.3d at 1262. Petitioners suggest that the BIA ignored applicable case law and failed to consider relevant facts, but we conclude these issues are not subject to review. To the extent these issues are couched in terms of due process, we have recognized the rule that "'an alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief.'" *United States v. Aguirre-Tello*, 353 F.3d 1199, 1205 (10th Cir. 2004) (quoting *Oguejiofor v. Attorney General*, 277 F.3d 1305, 1309 (11th Cir. 2002)). To the extent these issues are framed in terms of other legal questions, petitioners do not explain how the BIA ignored relevant legal authority or what facts it ignored. We thus conclude petitioners have not raised colorable constitutional or legal questions and must dismiss the petitions for lack of jurisdiction on those grounds as well.

## III.  CONCLUSION

The petitions are DISMISSED for lack of jurisdiction.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge


- 5 -