FILED
United States Court of Appeals
Tenth Circuit

October 16, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MIGUEL ANGEL AGUIRRE-ONATE,
a/k/a Alberto Glavan,

Petitioner,

v.

ERIC C. HOLDER, JR., United States
Attorney General,

Respondent.

Nos. 11-9541 & 11-9570
(Petitions for Review)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

Miguel Angel Aguirre-Onate, a Mexican citizen and national, petitions for

review of the Board of Immigration Appeals' affirmance of the Immigration Judge's

denial of his request for cancellation of removal (No. 11-9541). He also petitions for

review of the BIA's denial of his motion for reopening and reconsideration

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

(No. 11-9570).  The petitions have been consolidated.   Exercising jurisdiction under 8 U.S.C. § 1252(d), we dismiss them for lack of jurisdiction.

## BACKGROUND

Aguirre-Onate entered the United States in 1996 at the age of fourteen without admission or parole.  In 2008, the Department of Homeland Security initiated removal proceedings.  Although he conceded removability, he sought cancellation of removal, which required him to prove, among other things, "exceptional and extremely unusual hardship to [his] . . . parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1)(D).[1]  Aguirre-Onate contended his removal would result in exceptional and extremely unusual hardship to his lawful permanent resident parents and to his United States citizen daughter.

In presenting his case at the hearing before the IJ, Aguirre-Onate testified that he was twenty-eight years old and that he owned nine restaurants, a construction company, a food distribution center, and rental houses.  He had $50,000 of equity in his own home, had $450,000 in cash, and lived with his alien girlfriend, who is the mother of his nine-year-old daughter.  He further testified that his daughter was healthy and doing well in the second grade.  But he stated that he worried about the

---

[1]     In addition, § 1229b(b)(1)(A)-(C) requires an alien seeking cancellation of removal to show his continuous physical presence in the United States for ten years, his good moral character during that time, and that he has not been convicted of certain crimes.  None of these additional requirements is at issue in this appeal.

possibility that he, his girlfriend, or his daughter could be a target for kidnapping if they were to live in Mexico, because he had helped 120 families in his hometown and people know he has money. Additionally, Aguirre-Onate testified that his parents own homes in the United States and Mexico and travel between the two frequently.

The IJ denied Aguirre-Onate's application for cancellation of removal and ordered his removal from the United States. In doing so, the IJ found that removal would not be an exceptional or extremely unusual hardship to Aguirre-Onate's parents, because they are in good health and they travel frequently between their homes in the United States and Mexico and at the time of the hearing were in Mexico. Also, the ALJ found that removal would not be an exceptional or extreme hardship to Aguirre-Onate's daughter, because she is bilingual, is healthy, has no medical issues, has no difficulty in school, would be able to adapt to the social structure in Mexico due to her young age, would have a place to live in Mexico at her grandparents' home, and would have other relatives in Mexico. The IJ did not address a possible threat of kidnapping. Noting Aguirre-Onate's economic resources, the IJ decided that he would be able to support his family in Mexico.[2]

The BIA dismissed Aguirre-Onate's appeal, affirming the IJ's determination that he had not met his burden of establishing that his removal would result in exceptional and extremely unusual hardship to his daughter or to his parents. With

_____

[2] In the alternative, the IJ declined to grant relief in the exercise of discretion because Aguirre-Onate had been fraudulently living and doing business in the United States, including filing tax returns, for several years after purchasing a false identity.

- 3 -

respect to kidnapping, the BIA determined that he failed to provide concrete evidence, including evidence of threats, that his daughter might be a target for kidnappers in Mexico, and therefore the danger of kidnapping could not be considered a hardship. Aguirre-Onate filed a petition for review (No. 11-9541).

He also filed with the BIA a motion to reopen and to reconsider.[3] He argued that the BIA erred in concluding he failed to establish exceptional and extremely unusual hardship to his parents and to his daughter. In particular, he faulted the BIA for failing to sufficiently consider the possibility that his daughter might be kidnapped in Mexico if he were to be removed. To support his argument, he relied, for the first time, on the United States Department of State Country Report on Human Rights in Mexico and other sources. Additionally, he contended he had new material evidence not available at the IJ's hearing that he surprised his counsel at the hearing when he testified about having $450,000 in cash from the sale of some of his businesses.

The BIA denied reopening and reconsideration, determining that Aguirre-Onate had not identified error in its prior decision and that he did not show the alleged new evidence regarding the cash from the sale of some of his businesses

---

[3] "A motion to reopen seeks to present evidence that 'is material and was not available and could not have been discovered or presented at the former hearing.'" *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 n.3 (10th Cir. 2005) (quoting 8 C.F.R. § 1003.2(c)(1)). "A motion to reconsider . . . is available to raise errors of fact or law committed by the BIA in its prior decision, and must be supported by pertinent authority." *Id*. (citing 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1)).

was unavailable previously. Noting he had testified at the hearing that people knew of his financial resources due to his supporting 120 families in his hometown for four to six years, the BIA determined that he did not explain how the sale of his businesses would make a difference, how potential kidnappers would know he had sold some of his businesses and therefore had more cash, or why the cash would be important for targeting Aguirre-Onate or his family for kidnapping. Also, the BIA determined that additional evidence of the possibility of kidnapping could have been presented at the IJ's hearing. Finally, the BIA noted that although Aguirre-Onate's parents were in Mexico at the time of the hearing, they owned a home there, and he had aunts and uncles living in Mexico, he did not assert that any of them had ever been targeted for kidnapping due to his financial assets.

The BIA therefore concluded Aguirre-Onate failed to show that he had previously unavailable evidence that would likely change the outcome of his case. Aguirre-Onate filed another petition for review, seeking review of the denial of his motion for reopening and reconsideration (No. 11-9570).

### No. 11-9541—DENIAL OF CANCELLATION OF REMOVAL

We first consider whether we have jurisdiction over this petition for review. The parties agree that we lack jurisdiction to review the agency's discretionary denial of cancellation of removal and its determination that Aguirre-Onate failed to show his parents and daughter would suffer exceptional and extremely unusual hardship if he is removed. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Arambula-Medina v. Holder*,

572 F.3d 824, 828 (10th Cir. 2009). Aguirre-Onate, however, seeks to circumvent this bar to our review by asserting constitutional claims based on equal protection and due process. We do have jurisdiction to consider constitutional claims, *see* 8 U.S.C. § 1252(a)(2)(D), but they must be substantial. *See Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004).

Aguirre-Onate argues that the BIA violated his Fifth Amendment equal protection rights by failing to take administrative notice under 8 C.F.R. § 1003.1(d)(3)(iv) of the Mexico Country Reports, which allegedly would have supported his kidnapping concerns.[4] His equal protection challenge is based on his belief that the BIA only takes notice of Country Reports when they benefit the government.

We agree with the government that Aguirre-Onate has not stated a substantial equal protection claim. As Aguirre-Onate himself recognizes, the BIA is not required to sua sponte take notice of Country Reports. *See de la Llana-Castellon v. INS*, 16 F.3d 1093, 1096 (10th Cir. 1994) (noting that BIA may take administrative notice). Rather, he had the burden to draw the reports to the BIA's attention and to prove hardship. *See* 8 U.S.C. § 1229a(c)(4)(A) (placing burden of proof on alien to establish eligibility for relief from removal); *id.* § 1229b(b) (stating alien must

---

[4]  Section 1003.1(d)(3)(iv) permits the BIA to take "administrative notice of commonly known facts such as current events or the contents of official documents." Country Reports are an example of official documents. 67 Fed. Reg. 54878, 54892 (Aug. 26, 2002).

establish exceptional and extremely unusual hardship to qualifying relative). He, however, did not meet his burden as he did not call the BIA's attention to the reports until he filed his motion for reopening or reconsideration. Thus, he was not treated differently from all other similarly situated aliens for equal protection purposes.

Additionally, Aguirre-Onate argues that the BIA's lack of neutrality in taking administrative notice of Country Reports violates the Due Process Clause of the Fifth Amendment because it shows a bias towards removal. He admits that he does not have a liberty interest in remaining in the United States that would support a due process claim. *See Arambula-Medina*, 572 F.3d at 828 ("[A] petitioner has no liberty or property interest in obtaining purely discretionary relief." (internal quotation marks omitted)). But he submits that he has a liberty interest in the welfare of his United States citizen daughter.

We have held that when aliens predicate constitutional claims on the United States citizenship status of their children, the "claims do not present '*substantial* constitutional issue[s]' that might permit review." *Alvarez-Delmuro*, 360 F.3d at 1257 (quoting *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003)). In other words, "the incidental impact visited upon the [citizen] children of deportable, illegal aliens does not raise constitutional problems." *Morales Ventura*, 348 F.3d at 1262 (internal quotation marks omitted). Accordingly, we do not have jurisdiction to consider Aguirre-Onate's argument predicating his due process claim

- 7 -

on his daughter's citizenship.[5] *See Alvarez-Delmuro*, 360 F.3d at 1256-57; *Morales Ventura*, 348 F.3d at 1262.

## No. 11-9570—DENIAL OF REOPENING AND RECONSIDERATION

Aguirre-Onate argues that the BIA erred in denying his motion to reopen and to reconsider. He first contends that the BIA improperly required specific threats of kidnapping instead of considering the Country Reports. In effect, he challenges the underlying merits decision denying his motion for a cancellation of removal for failure to show exceptional and extremely unusual hardship to qualifying family members. We do not have jurisdiction to consider the merits decision on review of the denial of reopening or reconsideration. *See Alzainati v. Holder*, 568 F.3d 844, 849 (10th Cir. 2009) ("Because § 1252(a)(2)(B)(i) precludes our review of an 'exceptional and extremely unusual hardship' determination under § 1229b(b)(1)(D), it also precludes our jurisdiction to review the BIA's denial of a motion to reopen because the alien still had failed to show the requisite hardship."); c*f. Kucana v. Holder*, 130 S. Ct. 827, 839 n.17 (2010) (declining to consider whether court has

---

[5] Although we left open the possibility in both *Alvarez-Delmuro*, 360 F.3d at 1257, and *Morales Ventura*, 348 F.3d at 1262, that under some circumstances constitutional concerns might require us to construe § 1252(a)(2)(B)(i) to permit our review, we conclude this case does not do so. We recognize that in both of those cases, the aliens asserted due process claims based on alleged liberty interests of the citizen children, whereas in this case Aguirre-Onate based his due process claim on his alleged liberty interest in his daughter's welfare. But, like in those cases, Aguirre-Onate's claims are based on his daughter's United States citizenship and possible hardship to her if he is removed. Thus, we conclude the holdings of those cases apply to this case.

jurisdiction to review denial of motion to reopen if court lacks jurisdiction to consider underlying claim for relief).

Aguirre-Onate also argues that the BIA's denial of his motion to reopen and reconsider was erroneous because he should have been allowed to present further evidence. He contends the BIA failed to note that the source of his cash was the sale of several businesses after the deportation proceedings began and counsel was unaware of this before the IJ's hearing. Further, he believes he could not have presented evidence at the hearing that the cash would increase the risk of kidnapping because he did not know the IJ would treat the cash as an asset that would diminish, rather than increase, any possible hardship to his daughter. Relying on 8 U.S.C. § 1229a(c)(4)(B), he therefore contends that the IJ should have given him notice that he needed to provide additional documents to meet his burden of proving hardship due to the risk of kidnapping.

Because Aguirre-Onate again challenges the agency's discretionary decision that he is not entitled to cancellation of removal, we have no jurisdiction to consider his argument. If we construe his argument that the IJ failed to give him notice as a due process claim, we conclude he failed to assert a substantial due process claim. As indicated previously, he had clear notice that it was his burden to show hardship. Moreover, the BIA considered the new evidence and determined it would not affect the outcome of his case. Thus, we lack jurisdiction to consider the discretionary denial of reopening and reconsideration.

**CONCLUSION**

We DISMISS both petitions for review for lack of jurisdiction.

Mr. Aguirre-Onate's motion for judicial notice of the 2010 Mexico Country Report

and its inclusion in the record is DENIED.[6]  His motion to defer ruling on that

motion and his motion to hold appeal No. 11-9541 in abeyance are DENIED as moot.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[6]     We decide the petitions based on the administrative records.  *See* 8 U.S.C.
§ 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the
administrative record on which the order of removal is based[.]"); *Ritonga v. Holder*,
633 F.3d 971, 977 n.3 (10th Cir. 2011) (declining to consider Country Report
because it was not part of record).