FILED
United States Court of Appeals
Tenth Circuit

May 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SILVIA GURROLA NAVARRO,

Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General of the United States,

Respondent.

No. 12-9561
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Silvia Gurrola Navarro petitions this court for review of an order of the Board

of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) order that

denied her application for cancellation of removal. We dismiss the petition for lack

of jurisdiction.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
petition for review. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.      Background

Ms. Gurrola is a native of Mexico who illegally entered the United States in 1995 without being admitted or paroled.  Her husband is a lawful permanent resident (LPR) and she and her husband have two United-States-citizen children:  Sahid, born in 2005, and Alexandra, born in 2006.  As an infant, Sahid suffered from a medical condition that required intestinal surgery, but he has had no subsequent problems.

In February of 2008, the Department of Homeland Security issued Ms. Gurrola a notice to appear charging her with inadmissibility as an alien present in the United States without being admitted or paroled.  She conceded the charge of inadmissibility, but applied for cancellation of removal based on exceptional and extremely unusual hardship to her husband and children if she were removed to Mexico.  The IJ held a hearing at which Ms. Gurrola and her husband testified concerning her application.  At the conclusion of the hearing, the IJ denied cancellation of removal.  He found that Ms. Gurrola had failed to show exceptional and extremely unusual hardship to her LPR husband and United-States-citizen children.

Ms. Gurrola appealed to the BIA.  The BIA affirmed the IJ's decision that she had failed to demonstrate the requisite exceptional and extremely unusual hardship if she were removed to Mexico.  Ms. Gurrola now appeals to this court.

## II.    ANALYSIS

A nonpermanent resident alien may receive cancellation of removal if she:

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title [except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

As noted, the BIA determined that Ms. Gurrola failed to establish the "exceptional and extremely unusual hardship" required under the statute. Under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review the BIA's discretionary finding that an alien "has failed to demonstrate that removal would cause exceptional and extremely unusual hardship." *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005) (internal quotation marks omitted).[1] Consequently, this court may not review the BIA's discretionary hardship decision.

This court does, however, have jurisdiction to review "constitutional claims or questions of law" presented in a petition for review. 8 U.S.C. § 1252(a)(2)(D). To

---

[1]    This court ordered the parties to brief the jurisdictional issue.

obtain review of the BIA's denial of her application for cancellation of removal, Ms. Gurrola must present a "*substantial* constitutional issue" for our review. *Alvarez-Delmuro v. Ashcroft*, 360 F.3d 1254, 1256 (10th Cir. 2004) (internal quotation marks omitted). In an attempt to circumvent the jurisdictional bar of § 1252(a)(2)(B)(i), Ms. Gurrola argues that the BIA violated her due-process rights by failing to follow its own precedential decisions.[2] But she argues merely that her circumstances demonstrated exceptional and extremely unusual hardship as compared to other BIA cases, and that if the agency had correctly evaluated the evidence, it would have granted her application for cancellation of removal. This does not state a due-process claim. "In order to make out a claim for a violation of due process, a claimant must have a liberty or property interest in the outcome of the proceedings. But in immigration proceedings, a petitioner has no liberty or property interest in obtaining purely discretionary relief." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (citation and internal quotation marks omitted). Aliens are entitled only to "the minimal procedural due process rights [of] an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 828 (internal quotation marks omitted). Ms. Gurrola "has not argued that [she] was deprived of these minimal procedural safeguards. Thus, [she] has not asserted a non-frivolous constitutional claim sufficient to give [this court] jurisdiction."

---

[2] Ms. Gurrola also mentions "equal protection" together with her due-process claim. *See, e.g.*, Aplt. Jurisdictional Br. at 6, 11. She has not presented an argument to support an equal protection claim, so we do not address such a claim.

*Salgado-Toribio v. Holder*, __ F.3d __, No. 12-9578, 2013 WL 1731220, at *3 (10th Cir. Apr. 23, 2013).

### III.   CONCLUSION

The petition for review is therefore dismissed for lack of jurisdiction.


Entered for the Court


Jerome A. Holmes
Circuit Judge